IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-00441-CMA-NRN

**COLLEEN S. RIVERA**,

    Plaintiff,

v.

**SPECIALIZED LOAN SERVICING, LLC,**

    Defendant.

---

## SCHEDULING ORDER
---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Conference: April 29, 2021

| **Counsel for Colleen S. Rivera, Plaintiff** | **Counsel for Specialized Loan Servicing LLC** |
|---|---|
| Victor T. Metroff, Esq.<br>Mohammed O. Badwan, Esq.<br>Sulaiman Law Group, Ltd<br>2500 S. Highland Ave., Ste. 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181<br>mbadwan@sulaimanlaw.com<br>vmetroff@sulaimanlaw.com | Matthew A. Morr (#35913)<br>1225 17th Street, Suite 2300<br>Denver, CO  80202<br>Telephone: 303-292-2400<br>Fax:  303-296-3956<br>Email: morrm@ballardspahr.com<br>thorntonj@ballardspahr.com |

### 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C.§1331.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff obtained a loan with CitiFinancial and was transferred to Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS"). Plaintiff allegedly defaulted on the subject loan and Defendant started calling Plaintiff's cellular telephone. Plaintiff informed Defendant that she was unable to make a payment and requested Defendant to stop calling. Despite Plaintiff's requests, Defendant continue to contact her on her cellular telephone.

b. Defendant: SLS denies any liability for two reasons: (1) SLS does not use an "automatic telephone dialing system" (autodialer) as defined under the TCPA and did not call Plaintiff with an autodialer; and (2) regardless, Plaintiff provided SLS with express consent to call her using an autodialer.

   As recently noted by the Supreme Court in Facebook, Inc. v. Duguid et al.: "In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." SLS's telephone system does not meet this definition because, among other things, it does not use a random or sequential number generator. Accordingly, SLS cannot be liable under the TCPA for its calls to Plaintiff.

   Regardless, the Plaintiff gave SLS express consent to call her cell phone using an autodialer. For example, on June 26, 2017, Plaintiff confirmed her cell phone number was a valid number, and when asked if she was providing her consent to call her cell phone from an automated dialer, she responded "Yes." Moreover, Plaintiff repeatedly told SLS that her cell phone number was the best number to contact her. Plaintiff never revoked her consent for SLS to call her cell phone using an autodialer.

c. Other Parties: N/A.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On May 16, 2006, Plaintiff obtained a home equity loan (the "Loan") from CitiFinancial, Inc.

2. In 2017, the servicing of the Loan was transferred to Defendant Specialized Loan Servicing LLC ("Defendant" or "SLS")

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

### 5. COMPUTATION OF DAMAGES

**Plaintiff:** As a results of Defendant's alleged violation(s) of 47 U.S.C. § 227, Plaintiff is seeking the following:
   a. Statutory Damages – Plaintiff is seeking statutory damages of $500.00 from Defendant for each violation of the TCPA pursuant to 47 U.S.C. § 227.

**Defendant**: At this time, SLS does not seek any monetary damages. SLS may seek its reasonable attorneys' fees and costs at the conclusion of this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

   a. Date of Rule 26(f) meeting: April 8, 2021

   b. Names of each participant and party he/she represented.

   Victor T. Metroff, Counsel for Plaintiff, Colleen S. Rivera

   Matthew A. Morr, Counsel for Defendant, Specialized Loan Servicing LLC

   c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff issued her Rule 26(a)(1) disclosures to Defendant on April 15, 2021.

Defendant served its disclosures on April 22, 2021.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed to use a unified exhibit numbering system for deposition exhibits and to use the same exhibit numbers as trial exhibit numbers. The parties will also seek entry of a stipulated protective order to allow the exchange of sensitive information, including trade secret and other proprietary information belonging to the Defendant. The parties agree to accept service of all papers and documents in this lawsuit, including written discovery, if not served electronically through court's Case Management/Electronic Case Filing System (CM/ECF), as attachments to electronic mail or, if too voluminous for transmission by electronic mail, via FTP or other reasonable electronic means.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims will involve extensive electronically stored information. The parties have agreed to produce, where feasible, ESI in searchable .pdf format, and to confer in good faith with regard to the need for any additional format, pursuant to Fed.R.Civ.P. 34.

h. Statement summarizing the parties' discussions regarding the possibilities for

promptly settling or resolving the case.

Settlement is possible, and the parties will discuss a prompt resolution of the case.

## 7. CONSENT

All parties ☐ [have] ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, the importance of the issues at stake in the action, and all other scope of discovery considerations. See Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). " See Fed. R. Civ. P. 26(b)(2)(C).]*

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~The parties do not propose any modifications to the number of depositions or interrogatories as contained in the Federal Rules.~~
Each side shall be limited to 3 depositions, excluding experts.
Each side shall be limited to 15 interrogatories.

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

      b.     Limitations which any party proposes on the length of depositions.

~~The parties agree that depositions should be limited to seven hours each, excluding breaks, without prior agreement or leave of the court.~~ Depositions shall not exceed 7 hours for one deponent, exclusive of experts, all others limited to 4 hours, without prior agreement or absent leave of court.

      *c.*     Limitations which any party proposes on the number of requests for production and/or requests for admission.*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

~~The parties agree to 25 Requests for Production per party and 25 Requests for Admission per party.~~ Each side shall be limited to 15 requests for production and 15 requests for admission.

      d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Written discovery shall be served no later than ~~35~~ 45 days before discovery cutoff such that responses are due on or before the discovery deadline.

      e.     Other Planning or Discovery Orders

The parties will submit a draft stipulated protective order Court by May 7, 2021. While they anticipate an agreement, if the partied do not agree on the form of the stipulated protective order, they will submit the parts they agree on and an explanation for the parts they do not agree on.

### 9.  CASE PLAN AND SCHEDULE

      a.     Deadline for Joinder of Parties and Amendment of Pleadings: **June 4, 2021**

      b.     Discovery Cut-off: **October 18, 2021**

      c.     Dispositive Motion Deadline: **November 18, 2021**

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

~~d.~~   Expert Witness Disclosure

    1.    The parties shall identify anticipated fields of expert testimony, if any.

        Plaintiff: Expert regarding Defendant's telephone system.

        Defendant: Rebuttal expert(s)

    2.    Limitations which the parties propose on the use or number of expert witnesses. ~~None~~.

~~2.~~d.   Each side shall be limited to one retained expert witness, absent leave of court.

    ~~3.~~1.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 18, 2021.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

    ~~4.~~2.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 17, 2021**. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

    e.    Identification of Persons to Be Deposed:

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the*

7

*discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR30.1.]*

        Plaintiff, Colleen S. Rivera
        Representative of Defendant, Specialized Loan Servicing, LLC

        Any other witnesses who might be identified through discovery

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. ~~Status conferences will be held in this case at the following dates and times~~:

    **JOINT STATUS REPORT** shall be filed no later than **August 27, 2021**.

b. A final pretrial conference will be held in this case on January 13, 2022 at 10:00 a.m. o'clock ___ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.
   None.

b. Anticipated length of trial and whether trial is to the court or jury. **Estimated length of trial is 2 days. Plaintiff has requested jury trial.**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301. **None at this time.**

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 29th day of April, 2021.

BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge

APPROVED:

BALLARD SPAHR LLP

By: *s/ Matthew A. Morr*

Matthew A. Morr (#35913)
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: 303-292-2400
Fax: 303-296-3956

9

Email: morrm@ballardspahr.com
thorntonj@ballardspahr.com

***ATTORNEYS FOR DEFENDANT SPECIALIZED LOAN SERVICING, LLC***

Sulaiman Law Group, Ltd.

By: *s/ Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
Telephone: 630-575-8181
Fax:  630-575-8188
Email: vmetroff@sulaimanlaw.com
          mbadwan@sulaimanlw.com

***ATTORNEY FOR PLAINTIFF COLLEEN S. RIVERA***